# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM REDICK,<br><br>Plaintiff,<br><br>v.<br><br>MACH ONE TRANSPORTS INC.,<br><br>Defendant. | Case No. 1:26-cv-03977-EGC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>(Doc. 9)<br><br><u>FOURTEEN (14) DAY DEADLINE</u> |

## I. INTRODUCTION

On September 11, 2026, Plaintiff William Redick ("Redick") filed a motion for default judgment (the "Motion") against Defendant Mach One Transports Inc. ("Defendant"). (Doc. 9). No opposition to the Motion was filed. (*See* Docket). The Court has reviewed the Motion and supporting documentation and determines that the matter is suitable for decision without oral argument pursuant to Local Rule 230(g). As such, the hearing on the motion set for October 28, 2026, will be vacated.

For the reasons set forth below, the Court will grant Plaintiff's motion for default judgment.

## II. FACTUAL BACKGROUND

On May 26, 2026, Plaintiff filed a complaint against Defendant alleging violations of the Telephone Consumer Protection Act ("TCPA"). (Doc. 1).

As relevant to the Motion, the Complaint demands "[a]n award of statutory damages for

Plaintiff and each member of the Class as applicable under the TCPA." (Doc. 1 at 9).

Defendant was served with the summons and complaint on June 3, 2026 and the summons was returned executed on August 5, 2026. (Doc. 3). Defendant did not respond to the Complaint. (*See* Docket). Plaintiff requested that the Clerk of Court enter default against Defendant on August 5, 2026 and default was entered that day. (Docs. 5, 6). On September 11, 2026, Plaintiff filed the Motion, which is currently pending before the Court. (Doc. 9).

## III. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a). It is within the sole discretion of the court as to whether default judgment should be entered. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default by itself does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, the Ninth Circuit has determined a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The *Eitel* factors include (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See id.*

Once the court of clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

### B. Analysis

#### 1. The *Eitel* Factors Weigh in Favor of Granting a Default Judgment

a. <u>Possibility of Prejudice to Plaintiff</u>

The first *Eitel* factor requires a court to consider the possibility of prejudice to a plaintiff. *See Eitel*, 782 F.2d at 1471. The Court finds that if default judgment is not entered, Plaintiff will

effectively be denied a remedy until Defendant participated and made an appearance in the litigation—which may not occur. Denying Plaintiff a means of recourse is, by itself, sufficient to meet the burden imposed by this factor. *See Bmo Bank N.A. v. Bring Transp. Inc.*, No. 1:24-CV-00809-KES-EPG, 2025 WL 2611852, at *3 (E.D. Cal. Sept. 10, 2025) ("If default judgment is not entered, Plaintiff will effectively be denied relief, as it is apparent that Defendant will not defend this action and the Complaint alleges that Defendant is in default of the unpaid amounts owed to Plaintiff under the terms of the agreement and corresponding guaranty."), *report and recommendation adopted sub nom. BMO Bank N.A. v. Bring Transp. Inc.*, No. 1:24-CV-00809-KES-EPG, 2025 WL 3004099 (E.D. Cal. Oct. 27, 2025). Therefore, the Court finds that Plaintiff would be prejudiced if the Court were to deny its motion and this factor weighs in favor of default judgment.

b. Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

The next *Eitel* factor includes an evaluation of the merits of the substantive claims pleaded in the complaint and the general sufficiency of the complaint. *See Eitel*, 782 F.2d at 1471. In weighing these factors, courts evaluate whether the complaint is sufficient to state a claim that supports the relief sought. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").

Plaintiff brings a single claim, alleging violations of 47 U.S.C. § 227(c) and 64.1200(c). The TCPA establishes the substantive right to be free from certain types of phone calls and texts absent consumer consent." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) (citation and quotation omitted). Specifically, 47 U.S.C. § 227(b) of the TCPA make is "unlawful 'to make any call (other than . . . with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service.'" *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1071 (9th Cir. 2019) (quoting 47 U.S.C. § 227(b)(1)(A)(iii)). And 47 U.S.C. § 227(c) of the TCPA is violated when a call is placed to a "[a] residential telephone subscriber who has

registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(2)(c). "This regulation also applies to wireless telephone subscribers who have registered their numbers on the national do-not-call registry." *Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, No. C-13-0229 JCS, 2013 WL 6571629, at *10 (N.D. Cal. Aug. 19, 2013) (citing 47 C.F.R. § 64.1200(e)). And the Ninth Circuit has held that a text message qualifies as a "call" under the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009).

A private right of action under section 227(c)(5) requires three elements: (1) for each call, plaintiff received more than one other telephone call within any 12-month period; (2) the calls were made by or on behalf of the same entity; and (3) the calls were made in violation of the regulations prescribed under section 227(c). The TCPA has been interpreted to encompass both voice calls and text messages to cell phones. *Van Patten*, 847 F.3d at 1041.

Here, the Complaint alleges that Plaintiff's cellular number was added to the "Do-Not-Call Registry on or about June 27, 2010." (Doc. 1 ¶ 16). On January 11, 2019, defendant "caused more than one marketing text message to be transmitted to Plaintiff's cellular telephone number." (*Id.* ¶ 13). Between March 17, 2026 an March 30, 2026, Defendant made three telephonic solicitations. (*Id.* ¶ 12). The Complaint alleges that "Plaintiff has not transacted any business with Defendant within the past eighteen (18) months before receiving the above messages" and that "Plaintiff has not made any inquiry regarding Defendant's products or services within the past three (3) months before receiving the above text messages the purpose of Defendant's telephonic sales text messages was to advertise, promote, and/or market Defendant's property, goods, and/or services." (*Id.* ¶ 19). The Complaint further alleges that "Defendant did not have Plaintiff's prior consent for these calls." (*Id.* ¶ 20).

The Court finds that the complaint has stated claims for violation of the TCPA, *see Drew v. Lexington Consumer Advoc.*, No. 16-cv-0200 LB, 2016 WL 9185292, at *7 (N.D. Cal. Aug. 11, 2016) ("Mr. Drew thus states a claim for violation of § 64.1200(c)(2) because Lexington messaged him while his phone number was on the do-not-call registry."), and thus that the second and third *Eitel* factors weigh in favor of the entry of default judgment.

c. The Sum of Money at Stake in the Action

The fourth *Eitel* factor requires the court to consider the sum of money at stake. *See Eitel*, 782 F.2d at 1471. The Court acknowledges that "[d]efault judgment is disfavored when a large amount of money is involved or is unreasonable considering the defendant's actions." *See Moore v. Cisneros*, No. 1:12-CV-00188-LJO, 2012 WL 6523017, at *4 (E.D. Cal. Dec. 13, 2012). However, "where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Oomph Innovations LLC.*, 2020 WL 5847505, at *3 (quoting *Bd. of Trustees v. Core Concrete Const., Inc.*, No. C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012), *report and recommendation adopted*, No. C 11-02532 JSW, 2012 WL 381198 (N.D. Cal. Feb. 6, 2012)).

As relevant to the pending motion, Plaintiff seeks statutory damages in the amount of $1,500.00. (Doc. 1 at 9; Doc. 9-1 at 6). Plaintiff calculated statutory damages by multiplying the number messages (three total) times $500, the statutory amount for each willful violation. (*See* Doc. 9-1 at 6 (citing 47 U.S.C. § 227(c)(5))). The Court finds that this measure of damages is reasonably and sufficiently tailored to Defendant's misconduct. Thus, the Court finds that this factor weighs in favor of entering default judgment. *See Freligh v. Roc Asset Solutions, LLC*, Case No. 16-cv-0653 MEJ, 2016 WL 3748723, at *6 (N.D. Cal. June 8, 2016) ("Because this amount is neither substantial nor unreasonable and the statutory damages are tied to Defendant's misconduct, the fourth factor weighs in favor of default judgment.").

d. The Possibility of a Dispute Concerning the Material Facts

The fifth *Eitel* factor is whether there is a possibility of a dispute concerning the material facts. *See Eitel*, 782 F.2d at 1471–72. Regarding this factor, the Court finds that no genuine issues of material fact are likely to exist because the allegations in the complaint are taken as true, *Televideo Sys.*, 826 F.2d at 917–18, and Defendant has submitted nothing to contradict the well-pleaded allegations in the complaint. *See United Specialty Ins. Co. v. Saleh*, No. 1:16-cv-00632-DAD-MJS, 2016 WL 4434479, at *2 (E.D. Cal. Aug. 22, 2016) ("Inasmuch as default serves as an admission of Plaintiff's well-pled allegations of fact, it must be concluded that there is no dispute as to any material fact.") (internal citation omitted). Accordingly, the Court finds this factor favors entry of

default judgment.

e. Whether Default Was Due to Excusable Neglect

The sixth *Eitel* factor requires a court to evaluate whether the default of Defendant was due to excusable neglect. *See Eitel*, 782 F.2d at 1472. Defendant failed to file responsive pleadings or oppose Plaintiff's motion for default judgment. Therefore, the Court has no evidence before it to demonstrate Defendant's failure to participate in the litigation is due to excusable neglect. *See Protective Life Ins. Co. v. Phillips*, No. CIV S-08-0035 JAM EFB, 2008 WL 4104284, at *3 (E.D. Cal. Aug. 26, 2008) (stating that a defendant's "failure to respond cannot be deemed 'excusable neglect'"). Thus, the Court finds that this factor also weighs in favor of granting default judgment.

f. Policy Favoring Decision on the Merits

The final *Eitel* factor requires a court to take into account the policy that default judgments are disfavored because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, "the policy favoring decisions on the merits does not weigh against entering default judgment where, as here, the Defendant's failure to appear has made a decision on the merits impossible at this juncture." *Arroyo v. J.S.T. LLC*, No. 1:18-CV-01682-DAD-SAB, 2019 WL 4877573, at *11 (E.D. Cal. Oct. 3, 2019), *report and recommendation adopted*, 2020 WL 32322 (E.D. Cal. Jan. 2, 2020). Accordingly, the Court finds that the seventh *Eitel* factor does not preclude default judgment.

In sum, the Court finds that six of the *Eitel* factors weigh in favor of default judgment. While the seventh factor does not weigh in favor, it does not preclude or weigh against default judgment. For these reasons, the Court will grant Plaintiff's motion for default judgment, (Doc. 9).

**2. Terms of the Judgment and Proof of Relief**

The Court next turns to the damages requested by Plaintiff. "A plaintiff seeking default judgment 'must . . . prove all damages sought in the complaint.'" *HICA Educ. Loan Corp. v. Warne*, No. 11-CV-04287-LHK, 2012 WL 1156402, at *4 (N.D. Cal. Apr. 6, 2012). Plaintiff seeks statutory damages in the amount of $1,500.00. (Doc. 9-1 at 6).

Under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The motion,

mirroring the complaint, seeks statutory damages. (*Compare* Doc. 1 at 9, *with* Doc. 9-1 at 6).

In determining the appropriate sum for a default judgment, a court may rely on the affidavits or documentary evidence submitted by a plaintiff or order an evidentiary hearing. *See* Fed. R. Civ. P. 55(b)(2); *Microsoft Corp. v. Nop*, 549 F.Supp.2d 1233, 1235 (E.D. Cal. 2008) ("Where damages are liquidated (*i.e.*, capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing." (citation omitted)).

Plaintiffs who establish a violation of the TCPA "may recover the greater of their actual monetary loss or $500 per violation." *Gallion v. Charter Commc'ns. Inc.*, 287 F.Supp.3d 920, 923 (C.D. Cal. 2018) (citing 47 U.S.C. § 227(b)(3)). According to the allegations found in the complaint recounted above, between March 17, 2026 and March 30, 2026, Defendant sent three solicitation text messages to Plaintiff for which Plaintiff can recover damages for three violations of section 227(c). Thus, the Court finds that Plaintiff may recover for three violations of the TCPA.

As noted above, the court can award $500 for each violation and Plaintiff does not seek more. Accordingly, the Court will award $500 for each of the three violations, for a total award of $1,500.

## IV. CONCLUSION

For the aforementioned reasons, it is HEREBY ORDERED that

1. The hearing on Plaintiff's motion for default judgment, (Doc. 9), set for October 28, 2026, is VACATED.
2. Plaintiff's motion for default judgment, (Doc. 9), is GRANTED, in the terms outlined in this order;
3. Judgment SHALL be ENTERED in Plaintiff's favor and against Defendant;
4. Plaintiff SHALL mail a copy of this order on Defendant at Defendant's last known address.
5. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: **September 29, 2026**

UNITED STATES MAGISTRATE JUDGE